# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CASTLE,<br><br>            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. 5:17-CV-02246 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying his application for supplemental security income benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff applied for supplemental security income in 2013, alleging that he became disabled on January 1, 1999. Plaintiff's claims were denied initially and on reconsideration. (Administrative Record ("AR") 189-195, 77-91.) A hearing was held before an Administrative Law Judge ("ALJ") on May 2, 2016, at which Plaintiff, his attorney, and Vocational Expert ("VE") were present. (AR 37-57.) The ALJ issued a decision on June 7, 2016, finding that Plaintiff suffered from the following

severe impairments: fibromyalgia; degenerative disc disease of the cervical and lumbar spine; and left shoulder AC arthrosis. (AR 21.) The ALJ determined that Plaintiff retained the RFC to perform medium work with the following limitations: Plaintiff could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; push and pull within these weight limits; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to extreme cold. (AR 25.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was able to perform work existing in significant numbers in the national economy. Accordingly, the ALJ determined that Plaintiff was not disabled. (AR 30-31.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 3-8.)

## DISPUTED ISSUE

Whether the ALJ properly evaluated Plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or

reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for discounting his subjective complaints. As discussed below, the Court finds Plaintiff's contention lacks merit.

### 1. Plaintiff's Subjective Complaints

Plaintiff testified that he is unable to work due to fibromyalgia, which causes pain and muscle cramping over his entire body. As a result, he is unable to stand or walk for longer than 30 or 40 minutes before needing to stop and stretch. (AR 41-43.) After standing or walking, Plaintiff needs to rest. He requires between one hour and two days of rest depending on the level of exertion. (AR 44.) Repetitive work causes his condition to flare up. (AR 41.) Plaintiff's pain "completely" and "always" impacts his concentration and focus. (AR 49.) In addition, Plaintiff has difficulty gripping and handling due to numbness and tingling in his hands. (AR 46-47.)

Plaintiff takes medication and uses a TENS unit for his symptoms. (AR 43.) When his muscles knotted up, Plaintiff received treatment from a physical therapist, chiropractor, or acupuncturist. (AR 46.)

Plaintiff stated that he lives with his parents. He has no problem with self-care, and his daily activities include performing household chores, running errands, preparing simple meals, grocery shopping, taking care of pets, reading, driving, and listening to music. (AR 644.) Plaintiff also works out at an LA Fitness gym on a regular basis. He testified that he could lift 10 pounds repetitively about 30 times. Plaintiff's exercise routine takes him about a half hour and includes bench presses, chest, and bicep curls. (AR 44-45.) Plaintiff is able to drive a car for thirty minutes to one hour. (AR 48, 644.)

### 2. Relevant Law

Where, as here, a claimant has presented evidence of an underlying impairment

that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4.[1] Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834) (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 345-46 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). If the ALJ's credibility finding is

---

[1] Social Security Ruling 16-3P, which became effective March 28, 2016 applies to this case. SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. The Ninth Circuit has found the changes in SSR 16-3P to be largely stylistic and held that SSR 16-3P is consistent in substance with Ninth Circuit precedent that existed before the effective date. *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Accordingly, the Court relies upon Ninth Circuit authority governing the proper method for assessing a claimant's credibility.

4

supported by substantial evidence in the record, the court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

### 3. Analysis

The ALJ provided the following reasons for finding Plaintiff's subjective complaints not fully credible.

#### a. Lack of support by the objective medical evidence

The ALJ summarized the objective medical evidence and concluded that it did not support the extent and severity of Plaintiff's alleged symptoms. (AR 25-29.) Among other things, the ALJ noted that Plaintiff's physical examinations were generally unremarkable. (AR 27.)

The ALJ's characterization of the medical record is supported by substantial evidence. Plaintiff's treatment records from 2010 to December 2015 include no significant clinical findings suggesting that Plaintiff's medical impairments imposed limitations on his functional abilities. Indeed, the records consistently and affirmatively indicate that Plaintiff's fibromyalgia and other conditions were stable and well controlled with medication. (*See* AR 327, 422-425, 443-446, 538-540, 648-667, 703-708.)

As the ALJ noted, in 2013, Plaintiff underwent a comprehensive consultative examination by Ulin Sargeant, M.D. Dr. Sargeant's clinical findings showed that Plaintiff had mildly diminished grip strength, but was nevertheless able to generate 80 pounds of force with his right hand and 70 pounds of force with his left; his gait was normal; there was some tenderness in the paracervical muscles, but Plaintiff's range of motion was grossly within normal limits; there was tenderness to palpitation in bilateral sternum of the chest, but no evidence of changes in the chest wall; there was tenderness in the back with somewhat diminished range of motion, but straight leg raising was negative and Plaintiff was able to transfer on and off the examination table without difficulty; there was no clubbing, cyanosis, pedal edema, joint deformity, effusion, warmth, swelling, crepitus, or laxity of any joint; Plaintiff's

range of motion of the bilateral shoulders, wrists, hands, hips, knees, and ankles were within normal limits, although there was some tenderness with palpitation of both wrists; cranial nerves were intact; there was no indication of atrophy; Plaintiff demonstrated good hand coordination; and his sensation was intact throughout. (AR 638-641.)[2]

The ALJ also found it significant that the record contained no medical findings showing diffuse muscular atrophy of the upper or lower extremities or the spine, because atrophy is a common side effect of prolonged or chronic pervasive pain. (AR 27.) The ALJ could properly rely upon the absence of evidence of atrophy to infer that Plaintiff's pain was not as debilitating as he alleged. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) (properly rejected subjective complaints where, among other things, there was no evidence of disuse muscle atrophy from pain); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly discredited claimant's allegations of constant excruciating pain where, among other things, there was no evidence of muscular atrophy or other physical sign usually seen in an "inactive, totally incapacitated individual"); *Arellano v. Colvin*, 2014 WL 1092836, at *6 (C.D. Cal. Mar. 18, 2014) (ALJ properly relied upon absence of evidence of "muscle wasting or atrophy that would be expected if plaintiff had "extremely weak or zero grip strength" or needed to lie down throughout most of the day" to discredit claimant's allegedly disabling fibromyalgia symptoms).

Plaintiff points out that he suffers from fibromyalgia, a disease that "is

---

[2] In his decision, the ALJ erroneously stated that Dr. Sargeant's report indicated that Plaintiff's "presentation of fibromyalgia symptoms was not consistent," when in fact the report states that Plaintiff's "presentation does seem to be consistent." (AR 28, 640.) This misstatement, however, was harmless because the ALJ concluded that Plaintiff's fibromyalgia was a severe medical impairment and because it does not undermine the validity of any of the reasons for the ALJ's credibility determination. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.").

6

diagnosed entirely on the basis of patients' reports of pain and other symptoms." (ECF No. 22 at 9 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).) Plaintiff appears to contend that given this diagnosis, the ALJ was not entitled to rely upon a lack of objective medical evidence to discredit his subjective complaints. Plaintiff's argument misses the mark. In *Benecke*, the Ninth Circuit held that the ALJ erroneously rejected the treating physician's diagnosis of fibromyalgia due to a lack of objective evidence. *Benecke*, 379 F.3d at 594. Here, by contrast, the ALJ accepted the diagnosis of fibromyalgia. Instead, the ALJ relied on medical reports and clinical findings (or a lack thereof) to conclude that Plaintiff did not exhibit limitations consistent with his subjective symptoms. This was a proper consideration. *See* SSR 16-3P ("The intensity, persistence, and limiting effects of many symptoms can be clinically observed and recorded in the medical evidence. Examples such as reduced joint motion, muscle spasm, sensory deficit, and motor disruption illustrate findings that may result from, or be associated with, the symptom of pain."). As one court in this District explained,

> [t]he fact that objective medical evidence cannot prove the existence of fibromyalgia does not mean it is irrelevant or cannot be used to demonstrate a lack of functional limitations during clinical examination in considering credibility. A diagnosis of fibromyalgia is not a free disability card that renders all medical evidence irrelevant for all purposes.

*Melendez v. Astrue*, 2011 WL 6402287, at *6 (C.D. Cal. Dec. 20, 2011).

The ALJ discussed the medical evidence in the record, including the diagnostic tests and clinical observations by Plaintiff's treating physician and the consultative examining physician and concluded that it revealed essentially mild impairment. The ALJ's summary of the evidence was accurate and complete. Thus, so long as it was not the sole basis for his credibility determination, the ALJ was entitled to rely upon the lack of objective medical evidence to discredit Plaintiff's subjective complaints. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical

7

evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (conflicts between a claimant's testimony and the objective medical evidence in the record can undermine a claimant's credibility). Here, the ALJ did not rely solely upon the lack of objective medical evidence, but provided the following additional reasons for discrediting Plaintiff's testimony.

### b. Control of Plaintiff's symptoms with medication

In discounting Plaintiff's subjective complaints, the ALJ noted that Plaintiff reported being diagnosed with fibromyalgia in 1993, yet he was able to continue working until 1999. (AR 26 [citing AR 646].) The ALJ remarked that nothing in the record suggested that Plaintiff's condition had progressively worsened since 1999. To the contrary, the ALJ found that the record indicated that Plaintiff's symptoms had been well controlled with the use of medications. (AR 26, 28.)

The record confirms the ALJ's characterization of the medical evidence. From 2010 to 2014, Plaintiff's treating physicians consistently and repeatedly indicated that Plaintiff's medical conditions, including fibromyalgia, were stable and well controlled with medication. (*See* AR 327, 422-425, 443-446, 538-540, 648-667, 703-708.) In addition, as the ALJ pointed out, during Plaintiff's 2013 consultative evaluation, he reported taking medication, receiving physical therapy, chiropractic care, and acupuncture which "helped a great deal." (AR 637.)

In light of the record, the ALJ was entitled to rely upon evidence that Plaintiff's symptoms were well controlled by medication or therapy to support the inference that Plaintiff's pain was not as debilitating as Plaintiff alleged. *See Bailey v. Colvin*, 659 Fed. App'x 413, 415 (9th Cir. 2016) (ALJ appropriately noted that many of

claimant's impairments had been alleviated by effective medical treatment, and this was inconsistent with claimant's alleged total disability); *Warre v. Comm'r of the Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2005) ("Impairments that can be controlled effectively with medication are not disabling."); *Gontes v. Astrue*, 913 F. Supp. 2d 913, 921 (C.D. Cal. 2012) (ALJ properly discounted subjective complaints where claimant's testimony "conflicted with the evidence that her medical conditions only minimally affected her ability to work and that her pain, diabetes, and asthma were well-controlled with medication and other treatments").

### c. Plaintiff's lack of treatment

The ALJ also found that Plaintiff had not received the type of treatment one would expect of a totally disabled individual. Specifically, the ALJ noted Plaintiff's relatively infrequent doctor's visits and significant gaps in treatment. Further, the ALJ explained, even when Plaintiff did obtain treatment, it was essentially routine and conservative in nature – that is, in the form of medication and therapy. The ALJ specifically noted the absence of pain injections or surgery. Thus, the ALJ found Plaintiff's treatment to be inconsistent with his allegations regarding the severity of his symptoms. (AR 26-27.)

As the ALJ noted, the record contains no evidence of any medical treatment for fibromyalgia or any other impairment in 2014. Further, the sole medical record from 2015 reveals that Plaintiff's conditions were stable on his current regime of medications. (AR 692-695.) With regard to Plaintiff's shoulder impairment, the ALJ noted that in September 2015, surgery was recommended, but there was no indication that Plaintiff followed up on this recommendation. (AR 28, 690.)

The ALJ could properly infer from these lengthy periods without any medical treatment that Plaintiff's symptoms were well controlled and not as severe as he alleged. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (lack of consistent medical treatment "powerful evidence" that claimant's allegations of severe pain were not credible); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may

consider failure to "seek treatment or to follow a prescribed course of treatment" in assessing credibility). Of course, subjective complaints should not be rejected for lack of treatment when the record establishes that the claimant could not afford treatment, *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999), but Plaintiff does not allege, and the record does not indicate, that his lack of treatment was due to a financial inability.

Plaintiff contends that the ALJ improperly characterized his treatment as conservative despite the fact that there is no surgery or other more aggressive treatment available for fibromyalgia (ECF No. 22 at 12). *See Trujillo v. Astrue*, 2011 WL 5870080, at *5 (C.D. Cal. Nov. 22, 2011) (strong medication and twice-weekly physical therapy qualify as "substantial treatment" of fibromyalgia). As an initial matter, the Court notes that Plaintiff has not pointed to anything in the medical record showing that he regularly attended physical therapy. Nevertheless, even assuming that Plaintiff's treatment for fibromyalgia was incorrectly characterized as conservative, it was not improper for the ALJ to characterize Plaintiff's treatment for his other severe impairments – namely, degenerative disc disease of the spine and shoulder arthrosis – as conservative in light of the lack of injections and the failure to pursue recommended surgery. Moreover, Plaintiff does not dispute that there were lengthy periods when he sought no medical attention at all.

### d. Plaintiff's daily activities

The ALJ noted that Plaintiff had engaged in a somewhat normal level of daily activity and interaction. Specifically, the ALJ relied upon Plaintiff's ability to perform household chores, run errands, prepare simple meals, grocery shop, take care of pets, read, and drive. As the ALJ explained, "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (AR 26.)

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Trevizo*, 871

F.3d at 682 (citing *Ghanim*, 763 F.3d at 1165). Nevertheless, the ALJ was required to identify which particular activity he considered to be incompatible with which of Plaintiff's allegations. *See Burrell*, 775 F.3d at 1138 (error where "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony"). The ALJ did not do so here. As a result, the Court cannot determine whether the ALJ's reliance upon daily activities to undermine Plaintiff's credibility was supported by substantial evidence. *See Garrison*, 759 F.3d at 1016 (only if claimant's level of activity were inconsistent with her claimed limitations would those activities have any bearing on her credibility).

Nevertheless, even assuming that Plaintiff's daily activities did not constitute a clear and convincing reason for rejecting his subjective complaints, any error was harmless in light of the other legally sufficient reasons for the ALJ's determination. *See Molina*, 674 F.3d at 1115 (where one or more reasons supporting ALJ's credibility analysis are invalid, error is harmless if ALJ provided other valid reasons supported by the record); *Batson*, 359 F.3d at 1197 (even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless where ALJ provided other valid bases for credibility determination).

**************

For the foregoing reasons, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 10/9/2018

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE